**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>DAVIDSON L. ALFRED, )<br><br>Defendant. )<br>_____) | Criminal No. 2014-32 |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Kim L. Chisholm, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**George H. Hodge, Jr., Esq.**
St. Thomas, VI
    *For defendant Davidson L. Alfred.*


<u>ORDER</u>

**GÓMEZ, J.**

Before the Court are the defendant's motion for a continuance and the defendant's application for waiver of his speedy trial. For the reasons stated herein, the time beginning from the date of this order granting an extension through August 5, 2014, shall be excluded in computing the time within which a trial must be initiated.

Alfred indicates that his counsel will be off-island until August 2, 2014, and that immediately thereafter defense counsel has a status conference in the Superior Court of the Virgin Islands for another criminal matter.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that

*United States v. Alfred*
Criminal No. 2014-32
Order
Page 2

extending this period would be in the best interest of justice for two reasons.  First, an extension is necessary in order for counsel to be able to attend all necessary hearings and trial.  Second, the defendant made this request with the advice and consent of counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted."  *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel ... opportunity to...decid[e] upon and prepar[e] an appropriate defense.")

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 5, 2014, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161; it is further

*United States v. Alfred*
Criminal No. 2014-32
Order
Page 3

**ORDERED** that the omnibus hearing in this matter, previously scheduled for July 28, 2014, is hereby RESCHEDULED to commence promptly at 9:00 AM on August 18, 2014; and it is further

**ORDERED** that the trial in this matter, previously scheduled for August 4, 2014, is **RESCHEDULED** to commence promptly at 9:00 AM on September 8, 2014.

S\_____

**Curtis V. Gómez**
**District Judge**