# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA,    | ) |                       |
|         Plaintiff,           | ) |                       |
|                              | ) | Criminal No. 2014-32  |
|         v.                   | ) |                       |
| DAVIDSON L. ALFRED,          | ) |                       |
|         Defendant.           | ) |                       |

ATTORNEYS:

**Gretchen Shappert**
**Kim Chisholm**
St. Thomas, U.S.V.I.
　*For the United States,*

**Davidson L. Alfred**
Gadsden, Florida
　*Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Davidson Alfred's 28 U.S.C. § 2255 petition.

### I. FACTUAL AND PROCEDURAL HISTORY

In December, 2012, a grand jury returned an indictment charging Davidson Alfred ("Alfred") with transporting aliens in violation of 8 U.S.C. § 1324 and assault with a deadly weapon on a federal officer in violation of 18 U.S.C. § 111 (the "alien smuggling case"). The Magistrate Judge appointed Attorney George

Hodge, Jr. ("Attorney Hodge") to represent Alfred. Alfred was found guilty on both counts after a jury trial. On July 2, 2013, the Court sentenced Alfred to eight months imprisonment on each count, to be served concurrently. The Court also imposed a term of two years of supervised release on each count, also to be served concurrently. A condition of Alfred's supervised release was that he "not commit another federal, state, or local crime."

On May 15, 2014, while Alfred was on supervised release, he was charged in the instant case with bank fraud in violation of 18 U.S.C. § 1344 (the "bank fraud case"). The Magistrate Judge appointed Attorney Hodge to represent Alfred. On June 12, 2014, the grand jury returned an indictment charging Alfred with 13 counts of bank fraud in violation of 18 U.S.C. § 1344. On September 4, 2014, the grand jury returned a superseding indictment charging Alfred with 18 counts of bank fraud.

On November 4, 2014, Alfred pled guilty to Count One of the superseding indictment in this matter. Alfred's commission of bank fraud violated the terms of Alfred's supervised release imposed by the Court in the alien smuggling case.

On January 27, 2015, after a revocation hearing, the Court revoked Alfred's supervised release and sentenced Alfred to 16

months imprisonment and three years of supervised release in the alien smuggling case.

On February 5, 2015, the Court sentenced Alfred to 17 months imprisonment and five years of supervised release in the instant bank fraud case. The term of incarceration is to be served consecutively to the term imposed for Alfred's violation of supervised release in the alien smuggling case.

On November 17, 2015, Alfred filed a petition pursuant to 28 U.S.C. § 2255 (the "2255 petition"). Alfred's 2255 petition seeks to set aside the sentence imposed by the Court in the instant bank fraud case.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As Alfred has not had

a full opportunity to object to the Report and Recommendation, the Court will review the Report and Recommendation *de novo*.[1]

Alfred makes six arguments in support of his 2255 petition. One argument alleges prosecutorial misconduct while the remaining five arguments allege ineffective assistance of counsel.

First, Alfred argues that Attorney Hodge rendered ineffective assistance of counsel because Attorney Hodge failed to present the Presentence Investigation Report ("PSR") to Alfred in a timely manner. Alfred alleges that Attorney Hodge gave Alfred the PSR only 45 minutes prior to the sentencing. Alfred argues that this was insufficient time to review the PSR for errors. Significantly, Attorney Hodge had an opportunity to object to the PSR and did so on the record on January 15, 2015. *See* Objection to Presentence Investigation Report, ECF No. 58. Additionally, on February 5, 2015, at the sentencing hearing, Attorney Hodge did correct several errors in the PSR. *See, e.g.,* Sentencing Hr'g Tr. at 3-5, February 5, 2015, ECF No. 73 (correcting the ages of Alfred's children); *id.* at 5 (adding information about medical treatment required by one of Alfred's

---

[1] *See, e.g., MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 2013-48, 2018 U.S. Dist. LEXIS 50126, at *7 (D.V.I. Mar. 27, 2018) ("[T]he Court is unaware of any authority that would require a district court to await the receipt of objections before reviewing a report and recommendation under a *de novo* standard.")

children); *id.* at 5-6 (adding information about Alfred's wife's employment). Finally, Alfred does not identify any errors in the PSR that Attorney Hodge did not correct. Thus, Alfred has not demonstrated that he was prejudiced by any failure of Attorney Hodge to provide Alfred with a copy of the PSR at an earlier point in time. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (finding that a 2255 petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Alfred's second and third arguments allege ineffective assistance of counsel in relation to the consequences of accepting the plea deal in this case. Alfred argues that Attorney Hodge provided ineffective assistance because Attorney Hodge told Alfred that Alfred faced a United States Sentencing Guidelines sentencing range of 8 to 14 months. Alfred also argues that Attorney Hodge rendered ineffective assistance when, after Alfred was "cautioned by the probation officer of the possibility of facing additional prison time for violation of supervised release," Attorney Hodge advised Alfred that Alfred had "already been punished by the addition of the two points thus enhancing [Alfred's] term of imprisonment" in the bank fraud case. Mot. Under 28 U.S.C. § 2255 at 7, ECF No. 64; Resp.

to Ct. Order at 2, ECF No. 68. Alfred's arguments in these regards are unavailable as "defense counsel's conjectures to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007); *accord United States v. Mustafa*, 238 F.3d 485, 492 n.5 (3d Cir. 2001) ("[A]ll that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate 'best guess' as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior.").

Here, Alfred signed a plea agreement which indicated that Alfred faced a guideline range of 12 to 18 months imprisonment. *See* Plea Agreement at 4, ECF No. 51. The plea agreement also provides that "[t]he parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties." *Id.* at 3. Additionally, on November 4, 2014, at the change of plea hearing, the Court reviewed Alfred's exposure with him during the Rule 11 colloquy:

> THE COURT: Is the document entitled the plea agreement, does that represent the entire agreement that you have with the United States?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: According to your plea agreement, you've agreed to plead guilty to Count 1 of the superseding indictment. It carries with it a maximum penalty of 30 years imprisonment, a $1 million fine, a term of supervised release of not more than 5 years, and a $100 special assessment. You understand if I accept your plea today, I can sentence you up to the maximums I've just outlined for you?
>
> THE DEFENDANT: Yes, sir.

Change of Plea Hr'g Tr. at 5:17-6:5, ECF No. 74. Thus, Alfred has not demonstrated that he was prejudiced by Attorney Hodge's alleged conjectures regarding the sentencing consequences of accepting the plea deal in this case.

In his fourth argument, Alfred argues that Attorney Hodge rendered ineffective assistance because Attorney Hodge failed to review defense strategies with Alfred or follow up as to certain evidence. That argument is similarly problematic. Indeed, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. Alfred provides no details as to how such consultation or actions would have or could have changed the result of these

proceedings. Thus, Alfred has not demonstrated that he was prejudiced by any failure of Attorney Hodge to review defense strategies with Alfred or follow up as to certain evidence. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (finding that a 2255 petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

In his fifth argument, Alfred argues that the prosecutor committed prosecutorial misconduct when, after stating in open court that she did not object to Alfred's two sentences[2] running concurrently, the prosecutor asserted the contrary position and argued that Alfred's two sentences should run consecutively. Significantly, there is no indication in the plea agreement or elsewhere in the record that the prosecutor agreed to recommend that the two sentences should run concurrently. Moreover, the Court is not bound by the prosecutor's recommendations at a sentencing hearing. Application note 4 to section 7B1.3 of the United States Sentencing Guidelines provides that

> [s]ubsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant [even if the sentence being served resulted from the conduct that is the basis of the revocation]. Similarly, it is the Commission's

---

[2] Alfred's two sentences were for: (1) a violation of a term of Alfred's supervised release in the alien smuggling case; and (2) the instant bank fraud case.

> recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3 cmt. n. 4. While neither the plea agreement nor the plea colloquy specifically addressed the relationship between the running of two sentences, Alfred acknowledged in the plea agreement and plea colloquy that the Court was not bound by the position of the parties and could sentence Alfred up to the maximum penalty of 30 years imprisonment. Thus, Alfred cannot show that he was prejudiced by the prosecutor's inconsistent positions.

Finally, on May 27, 2014, the Magistrate Judge entered an order setting conditions of release and an appearance bond for Alfred. *See* Order Setting Conditions of Release, May 27, 2018, ECF No. 17; Appearance Bond, ECF No. 18. Alfred argues that Attorney Hodge rendered ineffective assistance of counsel because Attorney Hodge failed to argue that Alfred's eight months of home confinement prior to sentencing should have been taken into account in sentencing. Title 18, section 3585 of the United States Code in pertinent part provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has

not been credited against another sentence." 18 U.S.C.S. § 3585(b). Where a defendant is subject to an order of release rather than a detention order, home confinement does not qualify as "official detention." *See Reno v. Koray*, 515 U.S. 50, 65 (1995) (holding that "the time respondent spent at the Volunteers of America community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)"). Thus, Alfred has not demonstrated that he was prejudiced by any failure of Attorney Hodge to argue that Alfred's eight months of home confinement prior to sentencing should have been taken into account in sentencing.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation, ECF No. 82, is **ADOPTED**; it is further

**ORDERED** that Davidson Alfred's 28 U.S.C. § 2255 petition is **DENIED**; it is further

**ORDERED** that a certificate of appealability is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

**Curtis V. Gómez**
**District Judge**